20906

Milton Thomas COX and Callie M. Cox, Appellants, v. Joseph William LUNSFORD and Frances W. Lunsford, Respondents.

(252 S. E. (2d) 918)

*John W. DeJong,* Greenville, *for appellants.*

*R. Frank Plaxco* and *O. Doyle Martin,* Greenville, *for respondents.*

March 6, 1979.

*Per Curiam:*

This appeal is from the order of the lower court setting aside an earlier judgment for lack of subject matter jurisdiction. We affirm.

The order of the lower court, with certain deletions and minor modifications, is adopted as the opinion of this Court.

## "ORDER

"The respondents, Joseph William Lunsford and Frances W. Lunsford, have moved to set aside the judgment previously entered in this action as being void, upon the grounds that the Court lacked jurisdiction of the parties and of the subject matter. With reference to in personam jurisdiction, the motion is made upon the ground that none of the parties were citizens and residents of this State. Absence of jurisdiction of the subject matter is asserted upon the grounds that the action, as set forth in the Complaint, was for an accounting of corporate business dealings, but brought as an individual action rather than as a stockholders' derivative action or an action by the corporation; that no allegation was made that administrative remedies within the corporation had been exhausted; that no allegation was made that corporate debts had been discharged; and that, in the absence of the foregoing, no basis for subject matter jurisdiction for the awarding of personal money judgment was set forth.

"The appellants, Milton Thomas Cox and Callie M. Cox, have argued that personal jurisdiction existed by reason of general appearance resulting from appellants' requesting and securing, through an attorney, a general extension of time and/or through the appellants seeking leave to appear and defend.

"Because of my conclusion that jurisdiction of the subject matter is lacking, it becomes unnecessary to deal with the question of in personam jurisdiction.

"In this litigation, none of the parties was a citizen or resident of the State of South Carolina. The parties were citizens and residents of Georgia and Florida. The complaint by the appellants was one, in equity, for an accounting of the profits of a corporation, but it was brought as an individual action and not as a stockholders' derivative action, or by the corporation itself. The Complaint does not allege that the debts of the corporation, including investments in

materials and machinery, were taken into account in determining what the corporation's obligation to the appellants might be.

"The Complaint acknowledges that the appellants are residents of Florida and that the respondents are residents of Georgia. It alleges, however, that jurisdiction is based upon a contract between the parties which 'was to be performed' in South Carolina, upon the transaction of business by respondents in South Carolina pursuant to that 'contract', and upon respondents' maintaining a 'residence' in South Carolina. Looking at those jurisdictional bases, and at the other documents in the record, as they might apply to subject matter jurisdiction, it is obvious that the contract referred to was the agreement to form a corporation. There was no separate contract which specified any rights or duties of the parties, which was to be performed in South Carolina. This 'contract' was entered into in Florida, and the corporation, named Pacemaker Plastics, Inc., was formed in Florida.

"Since this was an equitable action, for accounting, the Court has the right, and the duty, to look through the form of the matter to the substance, to determine the nature of the appellants' action and whether a remedy is available.

"Throughout the documents and pleadings in the records, it is abundantly plain that the appellants have no rights in this matter except as a direct result of being directors and shareholders of Pacemaker Plastics, Inc., a Florida corporation. The Articles of Incorporation, filed in this action, show that appellants are equal directors and stock subscribers with the Lunsfords. In a reference before the Master in Equity on October 9, 1975, both of the appellants testified that they believed a viable corporation was formed, that they were a part of it, and that the Lunsfords, also a part of it were guilty of mismanagement, or misconduct, in wrongfully depriving them of their rightful place in the management and affairs of the corporation, and their participation of the net

revenues thereof. The Master's Report, dated May 17, 1976, relates these same facts, concluding specifically that a corporation was created, that each of the appellants had a one-fourth interest in the corporation, that the corporation had profits, and that the appellants were entitled to receive their share of those profits.

"Irrespective of how the appellants have attempted to designate their action, it is obvious from the total record that it is, or should have been, a corporate procedure, examining into the affairs of Pacemaker Plastics, Inc. Everything connected with the corporate dealings of the parties occurred outside of South Carolina. The appellants lived in Florida; the respondents lived in Georgia. The attorney who was contacted to establish the corporation is in Florida, and the legal work was done there. Pacemaker Plastics, Inc. was incorporated in Florida and, from all indications, all of the efforts by the Coxes, on behalf of the corporation, were in Florida, where they maintained a greenhouse business. The first contracts for Pacemaker Plastics were with Green Thumb Nurseries, in Florida. Therefore, this action should be viewed as one by the appellants, as shareholders, against the corporation itself, and it is quickly obvious that South Carolina has no interest in providing a forum for the resolution of such disputes. South Carolina is interested in providing a forum for resident plaintiffs against corporations which have minimum contacts with this state, but this concern is obviously lacking in the case of out-of-state plaintiffs whose home state is the one that should be concerned with their being able to seek a remedy.

"Because of this disinterest which South Carolina has in trying to resolve disputes which do not involve its residents, the South Carolina legislature has passed what is commonly referred to as the 'door-closing' statute. Section 15-5-150, Code of Laws of South Carolina (1976), limits the availability of South Carolina courts, in providing that an action against a foreign corporation

may be brought in this state by a non-resident only when the cause of action has arisen here, or the subject of the action is situated here. *Nix v. Mercury Motor Express, Inc.,* 270 S. C. 477, 242 S. E. (2d) 683 (1978).

"I have therefore concluded that this action, though brought as an individual action, is in total effect a corporate action. Although the Lunsfords are named as individuals, the entire proceeding has been conducted as though Pacemaker Plastics, Inc. was the defendant. This being the case, I have concluded that by virtue of the South Carolina 'door-closing' statute, Section 15-5-150, that this court did not have jurisdiction of the subject matter of this action, and that the action must be dismissed. The South Carolina Supreme Court has held:

'The jurisdiction of a court . . . over the subject matter of a proceeding depends upon the authority granted by the Constitution and the laws of the state and is fundamental. Lack of jurisdiction of the subject matter cannot be waived even by consent . . . . *Harden v. South Carolina Highway Department,* 266 S. C. 119, 221 S. E. (2d) 851, 853 (1976).'

"It has also declared that the acts of a court, in a matter as to which it has no jurisdiction, are void. *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972). Also, it has repeatedly declared that the parties cannot, by their actions, or agreements, confer subject matter jurisdiction upon the court. *State v. Gorie,* 256 S. C. 539, 183 S. E. (2d) 334 (1971); *Petroleum Transportation, Inc. v. Public Service Commission,* 255 S. C. 419, 179 S. E. (2d) 326 (1971). See also, 5 Am. Jur. (2d) *Appearance* § 6; 20 Am. Jur. (2d) *Courts* §§ 95, 97. Since the parties cannot confer subject matter jurisdiction, and since the court acquires no power to act without that jurisdiction, the judgment in this action must be set aside and held to be of no effect.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment in the within action be, and the same is hereby, declared void and of no effect, and this action is hereby dismissed without prejudice. The Clerk is directed, upon the filing of this Order, to cancel the judgment previously entered.

"AND IT IS SO ORDERED."