597 S.E.2d 181

**Jill H. McCALL, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Kimberly J. Sullivan and Marcia Hardy, Respondents.**

**No. 3803.**

Court of Appeals of South Carolina.

Submitted May 12, 2004.

Decided May 24, 2004.

---

3. Because we find the statute of limitations has run, we need not address Modular Home's other argument on appeal.

Richard L. Whitt, of Columbia, for Appellant.

Michael T. Cole and Charles R. Norris, of Charleston, for Respondents.

ANDERSON, J.

This suit arises as a result of an insurance dispute. Appellant contends her late husband's automobile insurance policy either contained an automobile death indemnity provision or would have if not for Respondents' negligence. The circuit court granted Respondents' motion for summary judgment as to the South Carolina parties and applied the South Carolina door closing statute to dismiss the case. We affirm as modified.[1]

## *FACTUAL/PROCEDURAL BACKGROUND*

Brian and Jill McCall lived in North Carolina and had a State Farm automobile insurance policy, which contained an automobile death indemnity provision. This North Carolina automobile insurance policy was obtained through Tom Sawyer Agency. In February 2000, Brian and Jill McCall separated and Brian McCall moved to South Carolina. In South Carolina, Brian McCall contacted Sullivan Insurance Agency and acquired State Farm automobile insurance for his vehicle. Brian McCall purchased a State Farm policy containing comprehensive and collision coverage, but not an automobile death indemnity provision. Brian McCall signed a policy application that explicitly omitted the automobile death indemnity provision.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Jill McCall informed Tom Sawyer Agency that she and Brian McCall had separated. As a result, Tom Sawyer Agency removed the automobile death indemnity coverage from the policy. Tragically, in March 2000, Brian McCall died in an automobile accident. Appellant, Jill McCall, seeks an automobile death indemnity from State Farm; however, the insurer denies one existed at the time of the accident. Appellant brought causes of action for bad faith refusal to pay, negligent supervision, breach of contract, respondeat superior, unfair trade practices, and negligence against State Farm and the South Carolina agents that sold Brian McCall his policy.

It is undisputed that the North Carolina policy originally contained an automobile death indemnity provision. Appellant asserts the South Carolina agents erred by omitting the death indemnity provision contained in the North Carolina policy when they wrote the South Carolina policy.

In February 2002, the circuit court heard Respondents' motion for summary judgment and dismissed the two South Carolina insurance agents, Marcia Hardy and Kimberly Sullivan, as well as any claims arising from the South Carolina policy. However, the court did grant Appellant thirty days to amend her complaint to allege a cause of action arising under the North Carolina policy. No appeal was taken from this Order. Appellant filed an amended complaint restating her claims as arising under the North Carolina policy.

In the amended complaint, Appellant maintained the South Carolina agents caused the North Carolina automobile death indemnity provision to be cancelled and they failed to notify Brian McCall of the cancellation or provide him a refund of the unearned premium. Respondents deny the South Carolina agents had any involvement with the cancellation of the North Carolina automobile death indemnity provision.

In October 2002, the circuit court heard Respondents' motion for summary judgment as to the claims in the amended complaint. Again, the South Carolina insurance agents were dismissed from the case. In addition, the court applied the door closing statute, section 15–5–150 of the South Carolina Code, to dismiss the suit because neither Jill McCall nor State Farm is a resident of South Carolina. Appellant argues the

circuit court erred in granting summary judgment and in applying section 15–5–150 to the North Carolina claims.

## STANDARD OF REVIEW

"Summary judgment is appropriate only when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Trivelas v. South Carolina Dep't of Transp.*, 348 S.C. 125, 130, 558 S.E.2d 271, 273 (Ct.App.2001) (quoting Rule 56(c), SCRCP); *see also Tupper v. Dorchester County,* 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997) ("Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").

"The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact." *McNair v. Rainsford,* 330 S.C. 332, 342, 499 S.E.2d 488, 493 (Ct.App.1998) (citing *Baughman v. American Tel. & Tel. Co.,* 306 S.C. 101, 410 S.E.2d 537 (1991); *Standard Fire Ins. Co. v. Marine Contracting & Towing Co.,* 301 S.C. 418, 392 S.E.2d 460 (1990)). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Lanham v. Blue Cross & Blue Shield of South Carolina, Inc.,* 349 S.C. 356, 361–62, 563 S.E.2d 331, 333 (2002) (citing *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997)). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Id.* at 362, 563 S.E.2d at 333 (citing *Brockbank v. Best Capital Corp.,* 341 S.C. 372, 534 S.E.2d 688 (2000)).

"All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party." *Hall v. Fedor,* 349 S.C. 169, 173, 561 S.E.2d 654, 656 (Ct.App.2002) (citing *Young v. South Carolina Dep't of Corrections,* 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999)). "Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied." *Id.* at 173–74,

561 S.E.2d at 656. "Because it is a drastic remedy, summary judgment should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." *Murray v. Holnam, Inc.*, 344 S.C. 129, 138, 542 S.E.2d 743, 747 (Ct.App.2001) (citing *Carolina Alliance for Fair Employment v. South Carolina Dep't of Labor, Licensing & Regulation*, 337 S.C. 476, 523 S.E.2d 795 (1999)).

"An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP." *Murray*, 344 S.C. at 138, 542 S.E.2d at 747 (citing *Brockbank*, 341 S.C. 372, 534 S.E.2d 688; *Wells v. City of Lynchburg*, 331 S.C. 296, 501 S.E.2d 746 (Ct.App.1998)).

## LAW/ANALYSIS

### 1. MOTION FOR SUMMARY JUDGMENT

Appellant contends the circuit court erred in granting Respondents' motion for summary judgment. Appellant argues there existed both genuine issues of material fact and a disputed matter of law. Specifically, Appellant points to alleged inconsistencies in the various affidavits presented to the court by Respondents and to an admission that Appellant's husband was provided a quote for a South Carolina policy containing an automobile death indemnity provision.

However, these allegations of factual inconsistencies and admission disregard the procedural and factual predicate of the suit. Appellant neglects the fact that the unappealed February 2002 Order is the law of the case. While affidavits were submitted stating the South Carolina agents, Marcia Hardy and Kimberly Sullivan, did not have any involvement in the cancellation of the automobile death indemnity from the North Carolina policy, there is a complete dearth of any evidence that they were involved in the cancellation.

### A. The Law of the Case

An unappealed order becomes the law of the case. *Toler's Cove Homeowners Ass'n v. Trident Const. Co., Inc.*, 355 S.C. 605, 610, 586 S.E.2d 581, 584 (2003); *Charleston Lumber Co. v. Miller Housing Corp.*, 338 S.C. 171, 174–75, 525

S.E.2d 869, 871 (2000); *Priester v. Brabham*, 230 S.C. 201, 203, 95 S.E.2d 167, 168 (1956); *Wooten v. Wooten*, 354 S.C. 242, 250, 580 S.E.2d 765, 769 (Ct.App.2003); *Larimore v. Carolina Power & Light*, 340 S.C. 438, 445, 531 S.E.2d 535, 538–39 (Ct.App.2000). "A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case." *Austin v. Specialty Transp. Servs.*, 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct.App.2004).

On April 8, 2002, the circuit court signed an order dismissing Marcia Hardy and Kimberly Sullivan from the case, stating "there is no genuine issue of material fact as to the plaintiff's claim under or related to the South Carolina policy and, therefore, the plaintiff's claims related to that policy and to the State Farm insurance agents involved in the issuance of that policy are dismissed with prejudice." Appellant did not appeal, but filed an amended complaint as allowed by the Order. Therefore, the ruling by the circuit court is the law of the case.

The April 8, 2002 Order dismissed the South Carolina agents. Appellant tried to avoid this Order by amending the complaint to allege the South Carolina agents caused the North Carolina automobile death indemnity provision to be cancelled and failed to notify Brian McCall of the cancellation or provide him a refund of the unearned premium. In the initial complaint, the Appellant asserted the South Carolina agents erred by omitting the death indemnity provision contained in the North Carolina policy.

Appellant relies on this difference in verbiage to suggest she is advancing different actions in the first and amended complaint. However, the result under each is the same—no automobile death indemnity provision exists. This similarity is reinforced by Jill McCall's affidavit submitted during the second summary judgment motion hearing: "The change in coverage on the North Carolina State Farm Insurance policy, caused by the issuance of the new South Carolina State Farm Insurance policy, had the same result as canceling the death indemnity coverage under the North Carolina State Farm Insurance Policy." During the second summary judgment hearing, Appellant's counsel summarized that "something hap-

pened between the North Carolina agents and the South Carolina agents that caused coverage to lap[se] under that North Carolina policy."

Veritably, any difference in argument advanced against the South Carolina agents in the initial and amended complaint is nothing more than semantic. In both complaints, Appellant essentially argues the South Carolina agents' omission of the death indemnity provision had the effect of canceling the provision. The April 8, 2002 Order dismissed this claim. Because that Order was not appealed, a challenge on this point is not properly before this court.

### B. Summary Judgment Proceeding

During the summary judgment motion, there were four affidavits before the circuit court that stated the South Carolina agents had no involvement in the cancellation of the North Carolina death indemnity policy. These included affidavits from agents Marcia Hardy and Kimberly Sullivan, which denied any involvement in canceling the death indemnity provision. Another affidavit came from Audrey Martens, a State Farm employee in the underwriting department, who reported the death indemnity provision was removed as a result of a change sent to State Farm underwriting from Tom Sawyer Agency. Finally, there is an affidavit from Judith Sawyer, of Tom Sawyer Agency, stating that after the agency learned of the McCalls' separation, the agency removed the death indemnity provision from the North Carolina policy as a result of the separation. The assertion that the provision was removed at the instruction of Tom Sawyer Agency after they learned of the McCall's separation is supported by the fact that Appellant admits to advising Judith Sawyer that the couple had separated.

"Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot rest on mere allegations or denials contained in the pleadings. Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial." *Hansen v. United Serv. Auto. Ass'n,* 350 S.C. 62, 67, 565 S.E.2d 114, 116 (Ct.App. 2002); *see also Humana Hosp.-Bayside v. Lightle,* 305 S.C.

214, 216–17, 407 S.E.2d 637, 638 (1991). Because four affidavits state the South Carolina agents were not involved, Appellant cannot simply rest on her pleadings. Appellant submitted one affidavit for the circuit court's consideration, but this affidavit does not address with any specificity the alleged actions the South Carolina agents took to cancel the death indemnity provision. Appellant submitted no evidence to support her conclusion that the South Carolina actors had any involvement with the cancellation of the automobile death indemnity provision; apodictically, a consideration of the grant of summary judgment on its merits would yield the same result reached by simply applying the law of the case.

## 2. DOOR CLOSING STATUTE

■ After the circuit court determined the claims against the South Carolina agents should be dismissed with prejudice, the remaining parties were: (1) Appellant, a North Carolina resident, (2) and State Farm Mutual Automobile Insurance Company, an out-of-state corporation. The subject of the suit was a North Carolina insurance policy. Accordingly, the court determined that the door closing statute, section 15–5–150 of the South Carolina Code, prohibited the court from having subject matter jurisdiction over the suit.

Section 15–5–150 states:

An action against a corporation created by or under the laws of any other state ... may be brought in the circuit court: (1) By any resident of this state for any cause of action; or (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

S.C.Code. Ann. § 15–5–150 (1977); *accord Moosally v. W.W. Norton & Co., Inc.*, 358 S.C. 320, 337, 594 S.E.2d 878, 887 (Ct.App.2004). Cause of action is the "legal wrong threatened or committed against the complaining party," while "subject of the action" is "the matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this is, ordinarily the property, or the contract and its subject matter, or the thing involved in the dispute." *Murphy v. Owens–Corning Fiberglas Corp.*, 356 S.C. 592, 596, 590 S.E.2d

479, 481 (2003) (quoting *Ophuls & Hill v. Carolina Ice & Fuel Co.,* 160 S.C. 441, 450, 158 S.E. 824, 827 (1931)). State Farm Company is an out-of-state corporation. Jill McCall is a resident of North Carolina. Because the Appellant is not a resident of this State, the cause of action must have arisen or the subject of the action must have been situated within this State in order for the court to have jurisdiction. *See Moosally v. W.W. Norton & Co., Inc.,* 358 S.C. 320, 337, 594 S.E.2d 878, 887 (Ct.App.2004) (noting that "[b]ecause none of the Appellants are residents of South Carolina, our determination of their capacity to sue [Respondent] turns on whether their cause of action arose within this State"). The subject matter of this suit is a North Carolina insurance policy. The only allegations that involved this State were those with the South Carolina State Farm agents. Because of the dismissal of the South Carolina agents, the nexus between this State and the suit is broken. *See Rosenthal v. Unarco Indus., Inc.,* 278 S.C. 420, 424, 297 S.E.2d 638, 641 (1982) (stating the door closing statute "provides a forum for wrongs connected with the state while avoiding the resolution of wrongs in which the state has little interest."); *accord Cox v. Lunsford,* 272 S.C. 527, 531–32, 252 S.E.2d 918, 920–21 (1979) (overruled on other grounds by *Farmer v. Monsanto,* 353 S.C. 553, 579 S.E.2d 325 (2003)); *Nix v. Mercury Motor Express, Inc.,* 270 S.C. 477, 482–84, 242 S.E.2d 683, 684–85 (1978) (overruled on other grounds by *Farmer v. Monsanto,* 353 S.C. 553, 579 S.E.2d 325 (2003)). Therefore, the circuit court's dismissal of the case was not in error.

 Appellant attempts to avoid the efficacy of the door closing statute by arguing "the decedent, a resident of this state at the time of his death, should be allowed, through his beneficiary, to maintain the cause of action for neglect and wrongful cancellation against the Defendant agents and insurance company." The application of the door closing statute was clearly addressed to the court by Respondent, but Appellant advanced no arguments on this issue to the circuit court. "In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court." *Holy Loch Distrib., Inc. v. Hitchcock,* 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) (citing *Wilder Corp. v. Wilke,* 330 S.C. 71, 497 S.E.2d 731 (1998)); *accord Ellie, Inc. v. Miccichi,* 358

S.C. 78, 103, 594 S.E.2d 485, 498 (Ct.App.2004). "Error preservation requirements are intended to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments." *Staubes v. City of Folly Beach,* 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000). Therefore, this issue is not preserved for appellate review.

Even if we were to consider Appellant's argument that the door closing statute does not apply because the cause of action is not the Appellant's personal claim but the decedent's as insured, we would affirm. Appellant relies upon South Carolina case law allowing an action for wrongful cancellation to be brought during the lifetime of the insured by either the insured or beneficiary if the beneficiary's interest is an absolute and indefeasible vested interest. Further, an action after the death of the beneficiary is viable. *Babb v. Paul Revere Life Ins. Co.,* 224 S.C. 1, 9, 77 S.E.2d 267, 271 (1953). *Babb* only addresses the beneficiary's capacity to bring a suit for wrongful cancellation, not the implications of a suit brought by a beneficiary and its relationship to the survival statute.

■ Because of the holding in *Babb,* we find it necessary to consider South Carolina's interest in adjudicating this suit. The door closing statute serves three basic objectives.

> First, it favors resident plaintiffs over non-resident plaintiffs. Second, it provides a forum for wrongs connected with the state while avoiding the resolution of wrongs in which the state has little interest. Third, it encourages activity and investment within the state by foreign corporations without subjecting them to actions unrelated to their activity within the state.

*Murphy v. Owens–Corning Fiberglas Corp.,* 346 S.C. 37, 45–46, 550 S.E.2d 589, 593 (Ct.App.2001) (citations omitted) (overruled on other grounds by *Farmer v. Monsanto,* 353 S.C. 553, 579 S.E.2d 325 (2003)); *see also Rosenthal v. Unarco Industries, Inc.,* 278 S.C. 420, 424, 297 S.E.2d 638, 641 (1982); *Cox v. Lunsford,* 272 S.C. 527, 531–32, 252 S.E.2d 918, 920–21 (1979). The supreme court in *Murphy* explicated the door closing statute's policies:

> The first policy, favoring resident plaintiffs, is reflected in subsection (1) of 15–5–150 of the Door Closing Statute, which allows "any resident of this State" to maintain "any

cause of action." This subsection, essentially "opening the Door" for resident plaintiffs, is irrelevant to determining whether . . . a nonresident . . . has the capacity to maintain this suit. The second policy expressed in the statute restricts actions brought in state courts to those where the alleged wrong is connected to the State. . . . The third policy consideration when a nonresident seeks to sue a foreign corporation in state court is whether the suit is predicated on the corporations in-state activities.

*Murphy,* 356 S.C. at 597, 590 S.E.2d at 481–82. The third statutory provision "prohibits a non-resident from maintaining an action against a foreign corporation in a South Carolina court unless the cause of action arose in South Carolina or the subject of the action is located there." *Murphy,* 346 S.C. at 45, 550 S.E.2d at 589. Appellant is a not a South Carolina resident. This cause of action relates to a North Carolina insurance policy provision that all evidence suggests was removed by individuals in North Carolina. Finally, all evidence demonstrates that State Farm's actions in South Carolina are unrelated to any potential liability created by its actions in North Carolina. All three objectives of the door closing statute evince that South Carolina has no interest in providing a forum for this suit and require application of section 15–5–150.

Appellant's contention that she is bringing the suit on behalf of the deceased is answered by the fact that the named plaintiff in this case is Jill McCall rather than the Estate of Brian McCall. Appellant is not asserting the decedent's personal claim, but her claim as beneficiary. Additionally, Appellant's complaint contains statements that Jill McCall would have benefited from the death indemnity provision. If the action were brought solely to assert the decedent's claims, discussion of the indemnity's benefit to her would be unnecessary.

Recently, our supreme court addressed the door closing statute in *Farmer v. Monsanto,* 353 S.C. 553, 579 S.E.2d 325 (2003). In the case *sub judice,* the circuit court found it lacked subject matter jurisdiction over the case because of the door closing statute, but this is at variance with the conclusion reached in *Farmer. Farmer* overruled prior case law and

determined the door closing statute does not involve subject matter jurisdiction, but instead the capacity of a party to sue. *Id.* 353 S.C. at 556–57, 579 S.E.2d at 327–28. The decision in *Farmer* does not impact the conclusion reached by the circuit court. Farmer edifies: " § 15–5–150 does not involve subject matter jurisdiction but rather determines the capacity of a party to sue." *Id.* at 557, 579 S.E.2d at 327; *accord Moosally v. W.W. Norton & Co., Inc.,* 358 S.C. 320, 337, 594 S.E.2d 878, 887 (Ct.App.2004).

## *CONCLUSION*

Based on the foregoing, the circuit court's grant of summary judgment is

**AFFIRMED AS MODIFIED.**

HUFF and BEATTY, JJ., concur.