THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
BB&T of South Carolina a/k/a Branch Banking and Trust Company,       
Appellant,
 
 
 

v.

 
 
 
Lisa Smith Kidwell and William Brian Kidwell d/b/a Signature Residential 
 Mortgage and John Franklin,        Defendants,
Of Whom John H. Franklin is       
Respondent.
 
 
 

Appeal From Spartanburg County
Robert L. Couch, Master in Equity

Unpublished Opinion No. 2005-UP-017
Submitted November 1, 2004  Filed January 
 13, 2005

REVERSED

 
 
 
John W. Ray, of 

Greenville

, for Appellant.
David G. Ingalls, of 

Spartanburg

, for Respondent.
 
 
 

PER CURIAM:  This is an ongoing dispute 
 between two competing mortgagees originating from a mortgage foreclosure action.  
 In a previous appeal, this court determined that BB&T of South Carolina 
 held first-lien status.  On remand, the master-in-equity ordered John H. Franklin, 
 the other mortgagee, to hold the rents from the property in trust and to pay 
 BB&T the principal and interest owed.  The order made specific findings 
 regarding the amount owed, the rate of interest and the date to which interest 
 would accrue, and the time for payment.  When Franklin failed to pay BB&T 
 the entire amount owed, BB&T filed a rule to show cause seeking to hold 
 Franklin in contempt.  The master reserved jurisdiction over the contempt action, 
 and pursuant to Franklins request, ordered BB&T to provide further information 
 and witnesses.   BB&T appeals.  We reverse. 
 [1]   
FACTS
This 
 appeal stems from an action brought by BB&T to foreclose on real property 
 owned by Lisa and William Kidwell.  BB&T named John H. Franklin as a necessary 
 party and defendant.  Franklin counterclaimed alleging he had an $85,000 mortgage 
 on the property that was entitled to priority over BB&Ts mortgage.  The 
 master-in-equity determined the Kidwells were liable on both BB&Ts mortgage 
 and Franklins mortgage and ordered a public sale of the property.  Further, 
 the master determined that Franklin was entitled to first-lien status and therefore 
 priority over BB&Ts mortgage.  BB&T appealed the masters ruling.  
 Pending the outcome of the appeal, the master stayed the public sale and ordered 
 that rents from the property be collected and held in trust.  On appeal, this 
 court reversed, finding BB&T was entitled to first-lien status and remanded 
 the case to the master for a recalculation of the total sums due BB&T and 
 Franklin.  See BB&T of South Carolina v. Kidwell, 350 S.C. 
 382, 391, 565 S.E.2d 316, 321 (Ct. App. 2002) (affirming the masters award 
 of prejudgment interest on Franklins mortgage, but reversing the masters determination 
 that Franklins mortgage was entitled to priority and remanding for recalculation 
 of sums due BB&T and Franklin). 
On remand, the master determined 
 that the real property subject to the BB&T and Franklin mortgages had been 
 sold at a private sale by agreement of the parties and that the sale proceeds 
 had been held in the attorneys trust accounts.  Further, the master determined 
 that all rents from the property were collected and were being held in trust 
 by Franklins attorney.  The master ordered Franklin to pay to BB&T $106,065.24, 
 which constituted the principal as well as the interest that had accrued through 
 January 17, 2001, the date of trial.  The master also ordered Franklin to pay 
 to BB&T interest in the amount of $27.27 per day for each day following 
 the trial through August 29, 2002, the date of the order on remand.  These interest 
 payments totaled $16,062.03.  Additionally, Franklin was ordered to pay interest 
 in the amount of $27.27 per day for each day after August 29, 2002 through the 
 date of receipt of the order by BB&Ts counsel or the ending of any appeal 
 from this Order, by written notice of the Defendant Franklin or Order of the 
 appellate courts, whichever shall last occur.   All rents from the property 
 were ordered to be held in trust pending a further order or immediately paid 
 over to BB&T for payment of the principal, interest, and attorneys fees 
 due.  
Following the masters order, 
 Franklin sent a copy of an undated and unfiled Notice of Intent to Appeal 
 to BB&T.  After repeated requests from BB&T for either a filed appeal 
 or written notice that Franklins appeal had ended, Franklin notified BB&T 
 that he abandoned his appeal on October 15, 2002.  After BB&T received written 
 notice that Franklins appeal had been abandoned, BB&Ts counsel disbursed 
 the proceeds held in escrow.  According to BB&T, after disbursing the funds 
 held in escrow, a shortfall of $3,313.42 remained on the money owed BB&T.  
 BB&T requested that Franklin utilize the rents collected from the property 
 to pay that sum.  
On October 24, 2002, BB&T filed a 
 rule to show cause seeking to hold Franklin in contempt for failing to provide 
 a detailed accounting of rents and failing to apply the rents towards satisfaction 
 of the debt owed to BB&T.  
On October 25, 2002, Franklin sent BB&T 
 a response [2] and a subpoena 
 requesting that BB&T produce all records concerning a mortgage loan to 
 Lisa S. Kidwell and William Brian Kidwell dated November 5, 1999.  BB&T 
 filed a motion to quash the subpoena alleging that the subpoena was improper 
 because BB&T was a party, that the doctrine of res judicata barred Franklin 
 from asserting claims, that Franklin should be estopped from engaging in discovery, 
 and that service was invalid.  BB&T also filed a return to Franklins response 
 asserting, among other allegations, that the issues raised in the response were 
 barred because they had been previously litigated.  On November 22, 2002, BB&T 
 filed a Certificate of No Objection, Return nor Denial to Rule to Show Cause, 
 which alleged that Franklins response to the rule was unfiled and arguing that 
 Franklins request for a recalculation of interest was affirmative relief which 
 had been fully decided by the 2001 order, 2002 opinion of this court, and 2002 
 order on remand.   Additionally, BB&Ts certificate stated that by agreement 
 of the parties a hearing before the equity court on the rule to show cause was 
 set for November 22, 2002.
At the hearing, the parties 
 addressed BB&Ts motion to quash the subpoena.  The master asked Franklin 
 whether he had received the information requested.  Franklin responded that 
 based on the information he received, he was not clear when the mortgage on 
 the property had been paid off.  Franklin asserted that he was only liable to 
 BB&T for rents on the property up to the date the mortgage was paid off, 
 and BB&T conceded that point.  Franklin suggested that the mortgage was 
 paid off prior to the August 29, 2002 date that the master determined interest 
 was due through.  BB&T asserted, however, that the issue was barred because 
 Franklin made no objection, made no post-trial motion, or appealed from the 
 order on remand, which set the dates interest would accrue through.  The master 
 concluded the hearing by ordering BB&T to provide the court with information 
 as to when BB&Ts mortgage account was credited with payment and how much 
 BB&T received.  
The masters written order determined 
 that he retained jurisdiction over the matter, ordered BB&T to identify 
 the person who was the keeper of payments and disbursals made on the Kidwell 
 account, and ordered that person to be a witness at the merits hearing.  From 
 this order, BB&T appeals.
LAW/ANALYSIS
BB&T argues the master erred in ordering BB&T to 
 identify the person who was the keeper of payments and disbursals made on the 
 Kidwell account and in ordering that person to be a witness at the merits hearing.  
 Specifically, BB&T contends that because Franklin never appealed from the 
 masters order on remand, the dates set in that order and the amount owed became 
 the law of the case.  We agree.  
An unappealed order becomes 
 the law of the case. A portion of a judgment that is not appealed presents 
 no issue for determination by the reviewing court and constitutes, rightly or 
 wrongly, the law of the case.  McCall v. State Farm Mut. Auto Ins. Co., 
 359 S.C. 372, 378, 597 S.E.2d 181, 184 (Ct. App. 2004) (citations omitted).
In this case, Franklin never 
 appealed from the masters order on remand, which (1) held Franklin was liable 
 on interest that accrued, not only through August 29, 2002, but through the 
 date BB&T received written notice of the conclusion of any appeal from that 
 order, and (2) ordered Franklin to hold all rents from the property in trust 
 pending a further order or immediately pay over rents to BB&T for payment 
 of the principal, interest, and attorneys fees due.  Because Franklin never 
 appealed from this order, Franklin is liable on the interest that accrued through 
 October 15, 2002, the date Franklin notified BB&T in writing that he abandoned 
 his appeal.  Moreover, Franklin was obligated by that order to hold all rents 
 in trust for payment of his liability.  The date that payment was made on the 
 mortgage was simply irrelevant in light of this order.   
Any argument Franklin had concerning 
 the date payment was made on the mortgage and its effect on the amount he owed 
 to BB&T in rents should have been raised on appeal from the order on remand.  
 Because Franklin did not appeal from the order on remand, it is the law of the 
 case.  See id.  Therefore, the master erred in ordering BB&T 
 to provide any information or witnesses concerning the mortgage payments and 
 disbursals. 
REVERSED. [3] 
 HEARN, C.J., GOOLSBY 
 and WILLIAMS, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] Franklins response does not appear in the record 
 on appeal.  

 
 
 [3] We decline to address BB&Ts remaining issues on appeal.  See 
 Futch v. McAllister Towing of Georgetown, 335 S.C. 598, 613, 518 S.E.2d 
 591, 598 (1999) (finding that an appellate court need not address remaining 
 issues when disposition of prior issue is dispositive).