THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Father, Appellant.
In the interest of:
Child A, Child J, and Child S,
All minors under the age of 18.
 
 
 

Appeal From Williamsburg County
 Berry L. Mobley, Family Court Judge

Unpublished Opinion No. 2006-UP-401
Submitted December 1, 2006  Filed December 11, 2006   

AFFIRMED

 
 
 
Hammond A. Beale, Jr., of Columbia, for Appellant.
Stephen Bryan Doby, of Bishopville, for Respondent.
Gregory B. Askins, of Hemingway, and Tara S. Taggart, of Columbia, for Guardian Ad Litem.
 
 
 

PER CURIAM:  Father appeals from a family court order terminating his parental rights to his three minor children.  We affirm.[1]
Father and Mother[2] adopted three children in July 1999:  Child A, Child J, and Child S.  On March 7, 2003, the South Carolina Department of Social Services (SCDSS) took the children into emergency protective custody following allegations of abuse.  Father and Mother entered negotiated Alford[3] pleas to charges of abuse and neglect in July 2003.
SCDSS initiated the present action to terminate Father and Mothers parental rights in August 2004.  A five-day hearing took place from May 2, 2005 through May 6, 2005.  Father testified that he and his wife made the children drink a substance they named liars cocktail, a combination of vegetable juice and condiments from the refrigerator, not necessarily harmful but just a little unpleasant combination.  The children claimed the cocktails would include such substances as hot sauce, fish sauce, and even shampoo.  If the children threw up while drinking the cocktail, they were allegedly forced to eat the vomit.  
Father also admitted feeding the children baby food and forcing them to exercise.  Father repeatedly characterized the abuse as necessary forms of discipline because the children had special needs.  Evidence presented at trial indicated that all three children had been severely beaten.  Child A and Child J were found with bruises consistent with the pattern of an inflicted injury.  All three children developed post-traumatic stress disorder from the abuse.  
The childrens guardian ad litem testified about her extensive experience with the children, which included weekly visits beginning in July 2003.  According to the guardian, the children did not want to return to Father and terminating his parental rights was in their best interests.
At the close of evidence, the parties waived closing arguments.  Fathers counsel attempted to dismiss the action through a post-trial motion alleging multiple instances of SCDSS non-compliance with hearing requirements.  The court reserved ruling on the motion until its final order.
In June 2005, the family court issued an order terminating Fathers parental rights on the grounds that (1) the children had been harmed and that it was not reasonably likely the home would be made safe within twelve months; (2) Father had not remedied the conditions that caused the childrens removal; (3) Father willfully failed to provide support to the children except for medical insurance; (4) the children had been in SCDSS foster care for at least fifteen of the preceding twenty-two months; and finding that the termination of Fathers parental rights was in the childrens best interests.  The court did not rule on Fathers post-trial motion.  Father did not make a motion for reconsideration.  This appeal follows.
STANDARD OF REVIEW
In a TPR case, the best interest of the child is the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Before parental rights can be forever terminated, the alleged grounds for the termination must be proven by clear and convincing evidence.  Richberg v. Dawson, 278 S.C. 356, 357, 296 S.E.2d 338, 339 (1982); South Carolina Dept of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal, this court may review the record and make its own determination of whether the grounds for termination are supported by clear and convincing evidence. 
South Carolina Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, however, we should not necessarily disregard the findings of the family court because the family court is in a better position to evaluate the credibility of the witnesses and assign weight to their testimony. 
Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).
DISCUSSION
Father alleges the family court committed several errors in denying his motion to dismiss.  Father alleges the family court erred in failing to dismiss the termination of parental rights action because (1) a hearing on the merits was not held within the time mandated by South Carolina Code section 20-7-610(M); (2) SCDSS failed to schedule hearings every twelve months to review whether the conditions requiring removal continued to exist, as required by South Carolina Code section 20-7-762; (3) SCDSSs noncompliance with subsection C of 20-7-762 deprived the family court of jurisdiction; and (4) SCDSS failed to have the termination hearing within one year from the permanency planning hearing pursuant to South Carolina Code section 20-7-766(I)(2).  Father argues the family court was deprived of subject matter jurisdiction due to these four issues.  These issues are not preserved.
[S]ubject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.  State v. Gentry, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005).  [T]he family courts compliance with the statutory time limits is not an issue of subject matter jurisdiction. 
South Carolina Dept of Soc. Servs. v. Meek, 352 S.C. 523, 533 n.3, 575 S.E.2d 846, 851 n.3 (Ct. App. 2002).  We held in Meek that the remedy for the failure to complete the hearing within the specified time limits was . . . to petition for the return of
[the] children or move to vacate the order granting custody to DSS.  352 S.C. at 532, 575 S.E.2d at 851-52.  
Father briefly raised the four issues at the close of all the evidence, but the family court reserved ruling on them.  In its final order, the family court did not rule on any of these issues.  Father failed to make a motion to alter or amend the judgment pursuant to Rule 59(e), SCACR.  Because these issues do not affect the family courts subject matter jurisdiction, they are not preserved for appellate review.  See McCall v. State Farm Mut. Auto. Ins. Co., 359 S.C. 372, 381, 597 S.E.2d 181, 186 (Ct. App. 2004) (holding an issue must be raised to and ruled upon by the trial court to be preserved for appellate review); Jones v. State Farm Mut. Auto. Ins. Co., 364 S.C. 222, 235, 612 S.E.2d 719, 726 (Ct. App. 2005) (An issue is
not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a
Rule 59(e) motion to alter or amend the judgment.).
Next, Father alleges (1) clear and convincing evidence does not exist to support the family courts findings that SCDSS made reasonable efforts to reunify the family, and (2) the family court erred in finding no treatment plan was ordered on July 31, 2003.  Father does not indicate how these alleged errors mandate reversal.
Regardless, Father does not challenge the family courts decision to terminate his parental rights on the grounds that he willfully failed to support the minor children and that the children had been in SCDSS foster care for at least fifteen of the preceding twenty-two months.  Moreover, Father does not challenge the family courts finding that terminating Fathers parental rights was in the childrens best interests.  As a result, we are required to affirm the termination of Fathers parental rights regardless of whether these arguments have merit.  See S.C. Code Ann. § 20-7-1572 (Supp. 2005) (providing that the family court may terminate parental rights if it finds at least one of the nine statutory grounds for termination has been met and that termination is in the
best interests of the child).
AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Mother died during the litigation of this case.
[3]  North Carolina v. Alford, 400 U.S. 25 (1970).