**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Felecia Dicks Wilson, Appellant,

v.

Cedar Fair Entertainment Company, Cedar Fair, LP d/b/a Carowinds Amusement Park, Respondents.

Appellate Case No. 2012-212327

Appeal From York County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2015-UP-128
Submitted February 1, 2015 – Filed March 11, 2015

**AFFIRMED**

Felecia Dicks Wilson, of Augusta, Georgia, pro se.

Steven James Pugh, Joseph E. Thoensen, and Sheila Marlouvon Bias, all of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

**PER CURIAM:** Felecia Dicks Wilson appeals a jury's finding Cedar Fair Entertainment, Co. and Cedar Fair, LP d/b/a Carowinds Amusement Park did not negligently cause the injuries she sustained at their amusement park, arguing the

trial court erred in (1) declining to charge the jury on comparative negligence and (2) charging the jury on assumption of risk. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in declining to charge the jury on comparative negligence: *Dixon v. Ford*, 362 S.C. 614, 625, 608 S.E.2d 879, 885 (Ct. App. 2005) (stating to preserve an objection to a jury charge, there must be "an objection on the record, opportunity for discussion, and a specific ruling by the trial court on the jury charge issue"); Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection.").

2. As to whether the trial court erred in charging the jury on assumption of risk: *Dixon*, 362 S.C. at 625, 608 S.E.2d at 885 (stating to preserve an objection to a jury charge, there must be "an objection on the record, opportunity for discussion, and a specific ruling by the trial court on the jury charge issue"); Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection."); *McCall v. State Farm Mut. Auto. Ins. Co.*, 359 S.C. 372, 381, 597 S.E.2d 181, 186 (Ct. App. 2004) (finding an appellant cannot raise an issue on appeal that was raised by the respondent at trial, but on which the appellant advanced no arguments to the trial court; the argument must have been raised by the appellant at trial for the appellant to raise it on appeal).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.