**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Reginald Andre Blanding, Wanda Blanding, and Brittani Blanding, by and through her Guardians ad Litem, Reginald Andre Blanding and Wanda Blanding, Plaintiffs,

Of whom Reginald Andre Blanding, Wanda Blanding and Brittani Blanding are Appellants,

v.

Leon Lott, in his official capacity, Respondent.

Appellate Case No. 2017-001124

———————————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-277
Submitted June 17, 2019 – Filed July 31, 2019

———————————

**AFFIRMED**

———————————

Deborah J. Butcher and Robert J. Butcher, both of The Camden Law Firm, PA, both of Camden, for Appellants.

Andrew F. Lindemann, of Lindemann, Davis & Hughes, PA, and Robert David Garfield, of Crowe LaFave, LLC, both of Columbia, for Respondent.

---

**PER CURIAM:** Appellants, husband and wife Reginald and Wanda Blanding and their daughter, Brittani Blanding (collectively, the Blandings), appeal from an order of the trial court granting a motion for summary judgment in favor of Respondent, Leon Lott (the Sheriff), on the Blandings' defamation cause of action against the Sheriff. The Blandings contend the trial court erred in finding issue preclusion based upon previous summary judgment orders in the case and then applying the precluded issue determination in entering summary judgment in favor of the Sheriff. They further assert error in the trial court "finding that a public affairs officer had a duty to communicate with the press when analyzing the defense of qualified privilege for the defamation claim." We affirm.[1]

As to the Blandings' issue preclusion arguments, we first note our review of the record reveals the trial court did not rely exclusively on the previous summary judgment orders in making its in limine rulings on the evidentiary matters. In its oral ruling, though the trial court generally granted the Sheriff's in limine motion to preclude certain evidence, it noted it was not a "per se exclusion" and indicated there would be some "wiggle room" for the Blandings to present relevant evidence. Also, while noting many of the matters had "been actually and necessarily determined in this matter already," the trial court further stated that many of the matters the Sheriff sought to preclude were "not relevant to this case." Therefore, the oral ruling on the motion in limine indicates the trial court did not rely solely on the previous summary judgment findings but also preliminarily determined the Blandings would be precluded from admitting certain evidentiary matters based upon the fact that the matters would not be relevant to the remaining defamation action. Further, in thereafter describing its previous in limine rulings in the written order that granted summary judgment, the trial court noted it had determined the Blandings "were estopped from presenting certain evidence and testimony *unrelated to the sole remaining claim of defamation*." (emphasis added). Thus, the written order indicates the trial court made its in limine rulings based upon a determination that the evidentiary matters in question would be inadmissible because they were not relevant to the defamation action, not because they had been previously decided in prior summary judgment orders in this case. The Blandings do not appeal from the trial court's in limine determination that some matters

---

[1] We decline to address any arguments made by the Blandings that have not been set forth as a stated issue on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

should be excluded because they were irrelevant to the defamation claim. "[S]hould the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case." *Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015). *See also Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two issue rule, [when] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010))); *Walbeck v. I'On Co.*, 426 S.C. 494, 526, 827 S.E.2d 348, 364 (Ct. App. 2019) (recognizing the two issue rule can be applied in situations not involving a jury).

Second, we find no support for the Blandings' assertion that the trial court relied on its evidentiary in limine rulings in determining the Sheriff was entitled to summary judgment on the defamation claim. Contrary to the Blandings' position, there is nothing in the record to indicate "it dawned on" the trial court during the in limine hearing that the Blandings were precluded from introducing evidence that the complained of statement was defamatory. Further, the trial court's order granting summary judgment does not reveal it relied on any of the evidentiary preclusion rulings in finding the Sheriff was entitled to summary judgement on the defamation claim.

Finally, assuming arguendo the trial court relied on its issue preclusion determinations in finding summary judgment appropriate, the Blandings never raised the propriety of the trial court using its in limine evidentiary preclusion rulings in granting summary judgment. Therefore, this argument is not preserved for appellate review. *See McCall v. State Farm Mut. Auto. Ins. Co.*, 359 S.C. 372, 381, 597 S.E.2d 181, 186 (Ct. App. 2004) (explaining an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review). If, as the Blandings contend, the court so relied, it was incumbent upon them to bring any such perceived error to the trial court's attention. *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("South Carolina courts 'have adhered to the rule that [when] an issue has not been ruled upon by the trial [court] nor raised in a post-trial motion, such issue may not be considered on appeal.'" (quoting *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993))); *id.* ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal."); *I'On, LLC v. Town of Mt. Pleasant*, 338 S.C. 406,

422, 526 S.E.2d 716, 724 (2000) ("The losing party must first try to convince the lower court it is has ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred. This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."); *id.* (providing preservation requirements imposed on an appellant are meant to enable the trial court to rule properly after it has considered all relevant facts, law, and arguments; the purpose of an appeal is to determine whether the trial court erroneously acted or failed to act, and an appellant's contentions will not be considered on appeal if they are not presented to or passed on by the trial court); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding if the trial court does not explicitly rule on an issue, a party must make a Rule 59(e) motion to alter or amend the judgment to address the issue in order to preserve any alleged error for appeal).

As to the Blandings' argument concerning the trial court's finding in regard to a public affairs officer's duty to communicate with the press, we again question whether this argument is preserved for our review. The Blandings never asserted to the trial court that there is "no qualified privilege duty" for a public affairs officer to speak with the press or that a public affairs officer has no duty to communicate with the press. Nor did they argue that qualified privilege in a defamation action is limited to application in an employment setting or that it is inapplicable when a governmental entity makes statements to the press. *See McCall*, 359 S.C. at 381, 597 S.E.2d at 186 (explaining an issue must be raised to and ruled upon by the trial court in order to be preserved for review). Additionally, the Blandings cite no law in support of these positions. *See Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 252 n.3, 734 S.E.2d 161, 164 n.3 (2012) (providing an issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory).

At any rate, we find no merit to the Blandings' stated issue on appeal in this regard, as the trial court made no finding "that a public affairs officer had a duty to communicate with the press." Rather, in determining the remarks were qualifiedly privileged, it found the remarks were made "within the course and scope of [the officer's] duties while conversing with a reporter." Finding one is acting within the scope of his duties is not the same as finding one has an affirmative duty to act. However, even assuming the Blandings' intended argument on appeal is that the trial court erred in finding the officer was acting within the scope of his duties in making the remarks, we would nonetheless affirm. Again, such argument is not

preserved for review as it was never presented to the trial court. *See Timmerman*, 331 S.C. at 460, 502 S.E.2d at 922 ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal."). The Blandings also fail to argue or cite supporting authority as to why the officer would not have been acting within the scope of his employment. *See Savannah Bank*, 400 S.C. at 252 n.3, 734 S.E.2d at 164 n.3 (providing an issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory). Indeed, the record shows that this officer was in charge of the Public Information Office for the Richland County Sheriff's Department (RCSD) and he made the remarks after the RCSD was contacted about this matter by the media. Accordingly, the only evidence is that the officer's comments were made within the course and scope of his duties.

For the foregoing reasons, the order granting summary judgment to the Sheriff is

**AFFIRMED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.