### 20435

Donald M. ARRANTS et al., Appellants, v. Laurence S. RANKIN, Jr., James T. Rankin and Robert H. Rankin, d/b/a Rankin Realty Company, and Naomi S. Ragin, Respondents.

(235 S. E. (2d) 135)

*Messrs. Henry T. Woods,* and *John Oates Woods,* of *Woods & Woods,* Rock Hill, *for Appellants,*

*Nolen L. Brunson, Esq.,* of *Hayes, Brunson and Gatlin,* Rock Hill, *for Respondents,*

May 19, 1977.

LITTLEJOHN, Justice:

The plaintiffs are owners of lots, upon which residences have been built, in a real estate development known as "Ragin Estates." The defendant Naomi Ragin has been and still is developing the property. Laurence S. Rankin, Jr., James T. Rankin and Robert H. Rankin, d/b/a Rankin Realty Company, purchased a lot from Ragin and have begun grading it for the erection of a commercial enterprise referred to as a convenience store.

Plaintiffs, by bringing this action, seek a permanent injunction prohibiting both defendants from using the property for any purpose other than construction of detached single family residences. As set out in the complaint, it is the contention of the plaintiffs that the sale to them of their lots was pursuant to a general plan for a restricted single family residential development in the total area, including the property now owned by Rankin. It is further alleged that the plaintiffs bought their property in reliance upon the validity of the residential property restrictions and built fine homes. It is also alleged that Rankin acquired the lot with notice of the existence of the covenants and restrictions and that the sale to Rankin was conditioned upon Rankin's being able to use the property for commercial purposes, and if it cannot be used for commercial purposes the conveyance would be void and purchase price refunded.

The answer of Rankin is not a part of the record before us, but the answer of Ragin admits that the codefendants intend to erect a commercial convenience store. The answer generally denies that the subject property is restricted in any way and asks that the complaint be dismissed.

After the complaint and the answers had been filed, Ragin moved for a summary judgment pursuant to Rule 44, upon

the ground that "no genuine issue of material fact exists, and that all of the pleadings, together with the recorded plat, recorded covenants, and other documents, show that the area sold to the Rankin defendants is not subject to the restrictive covenants."

The lower court granted Ragin's motion and, further, dismissed·the action against all defendants. The plaintiffs have appealed.

For the purpose of the hearing, the judge had before him the pleadings and the recorded covenants and plats. Affidavits or other material were not submitted by the movant or by the plaintiffs.

In ruling upon a summary judgment, the court may not try issues of fact; if there are genuine issues to be tried, the motion should be overruled and trial should proceed in the conventional fashion. *Eagle Construction Co., Inc. v. Richland Construction Co., Inc.,* 264 S. C. 71, 212 S. E. (2d) 580 1975).

A major contention of the complaint in this action is that there was a general plan or scheme of development, and that this plan or scheme included its uniform application to all parts of the property. The lower court recognized that "There does appear to be authority that under certain circumstances, the Court will find a general plan or scheme of development, and will, pursuant thereto, enforce certain restrictive covenants against lots which, although included in the general plan or scheme of development, are not, insofar as the records are concerned, expressly made subject to such covenants." This is in keeping with what we said in *Nance v. Waldrop,* 258 S. C. 69, 187 S. E. (2d) 226 (1972):

"In construing covenants such as the one involved here, we attempt to give effect to the intent of the parties. It is proper to consider the overall plan. Such intent should, as nearly as possible, be gleaned from the instrument itself.

However, *the circumstances surrounding the origin of covenants should also be considered. Cheves v. City Council of Charleston,* 140 S. C. 423, 138 S. E. 867 (1927)." (Emphasis added.)

In granting the motion, the lower court recognized the real issue involved in this case. The following is taken from the order:

"The question then becomes, what is the plan or scheme? The further question is, what are the sources from which evidence is drawn which will, ultimately, reveal the plan or scheme? In this particular case, it seems to me that the recorded documents are the best sources of the plan or scheme which Mr. and Mrs. Ragin had and, going by those records, it appears to me that it was their plan or scheme, all along, to develop the property gradually, feeling their way along. I do not see any evidence that they ever intended that the Rankin property, and the other property still owned by Ragin, would ever be subject to the 'residential only' restriction."

We are of the opinion that the lower court erred in determining intent from the instruments alone. It may develop that the instruments are controlling, but the plaintiffs should be allowed to develop their case by presenting additional evidence of the surrounding circumstances, etc.

The fact that the plaintiffs made no showing in response to the motion has given us concern. Subsection (d) of our Summary Judgment Rule 44, is as follows:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him."

As we held in *Garrett v. Reese,* 262 S. C. 327, 204 S. E. (2d) 432 (1974):

"Where the appellant [plaintiffs here] relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, *if, under the facts presented by the Respondent* [Ragin here], *he was entitled to judgment as a matter of law. Cisson v. Pickens S. & L. Ass'n.,* 258 S. C. 37, 186 S. E. (2d) 822." (Emphasis added.)

Although the plaintiffs might more properly have filed affidavits, etc., in response to the motion, we cannot say that under the facts presented Ragin was entitled to judgment as a matter of law. The presentation of Ragin fell short in that no showing was made as to the surrounding circumstances, as contemplated by our ruling in *Nance, supra.*

There being genuine issues of fact to be tried, it follows that the lower court erred and the case should be remanded for trial on its merits.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.