734 S.E.2d 161

The SAVANNAH BANK, N.A., Respondent,

v.

Alphonse STALLIARD; Oldfield Club; and Oldfield Community Association, Inc., Defendants, of whom Alphonse Stalliard is the Appellant.

Appellate Case No. 2011–195508.

No. 27188.

Supreme Court of South Carolina.

Heard Sept. 19, 2012.

Decided Nov. 7, 2012.

Michael W. Mogil, of Hilton Head Island, for Appellant.

Curtis Lee Coltrane of Hilton Head Island, for Respondent.

Chief Justice TOAL.

The Savannah Bank, N.A., (Bank) seeks to foreclose on a property owned by Alphonse Stalliard, Appellant. Appellant argues that he should not be held liable for a loan closed by a person acting on his behalf under a power of attorney. Appellant alleges, *inter alia*, that Bank did not conduct reasonable due diligence and did not verify Appellant's ability to pay. He filed a motion seeking additional time for discovery. The master-in-equity (the master) denied the motion and ruled in Bank's favor. Appellant now appeals this decision arguing that summary judgment was improper and that the master should have permitted additional time for discovery. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Appellant, a New York investor, was 26 years old when he purchased property located at 10 Indigo Plantation Drive in Beaufort County, South Carolina (the Hilton Head Property) to "build a house, sell a house, make a profit."

Appellant's ill-fated investment began when a friend introduced him to Steve Corba. Corba informed Appellant about real estate opportunities in Hilton Head, South Carolina, and convinced Appellant to borrow money to invest in development of such properties. Through Corba, Appellant hired Sally Gardocki, an attorney in Hilton Head, and gave her a power of attorney to obtain financing for the Hilton Head Property. On August 23, 2007, Gardocki executed and delivered a written promissory note on Appellant's behalf to obtain a $1.6 million loan from Bank. Appellant would later claim that Gardocki acted beyond the scope of her power of attorney in

obtaining the loan. However, Appellant acknowledged that when he signed a document entitled, "Limited Power of Attorney," he understood that Gardocki "would proceed with the closing on the property." He also admitted that Gardocki sent him the file containing relevant loan documents after the closing, and that he reviewed the files without raising any objections. In addition, Gardocki testified that she made Appellant "aware of the form and content of the closing documents . . ., and he approved the same and authorized the closing. Appellant only raised concerns about the transaction when he realized the "the property wouldn't sell." He now claims that the income and tax information provided on his loan application were false, and Bank should have denied him the loan.

After closing the loan, Appellant used the proceeds to construct a residence on the Hilton Head Property. Blair Witkowski, who was also introduced to Appellant through Corba, coordinated the construction of the house with Appellant's apparent knowledge and approval. Once built, the Hilton Head Property failed to sell, and Appellant sought a loan modification because he could not afford his monthly mortgage payments.

On May 6, 2008, Appellant executed and delivered a loan modification, which was recorded on June 27, 2008. Appellant defaulted on his obligations under the loan modification, and Bank provided Appellant with a notice of default and the right to cure. Appellant did not cure the default, and on August 24, 2009, Bank sought to enforce the note and foreclose on the mortgage. On May 14, 2010, a consent order was entered that bifurcated the trial of the mortgage foreclosure action and Bank's claim for a deficiency judgment. The trial of the foreclosure was held on June 25, 2010, and resulted in an Order of Judgment and Foreclosure in the amount of $1,834,504.41. On August 2, 2010, the subject property was thereafter sold to Bank at a foreclosure sale for $650,000.

On November 10, 2010, the parties entered into a consent scheduling order, requiring Appellant and Bank to complete discovery by February 15, 2011. On March 15, 2011, Bank filed its motion for summary judgment. On May 2, 2011, after the deadline for discovery had passed, Appellant filed a motion

seeking additional time for discovery and continuance of bank's motion. The master denied Appellant's request, and on June 2, 2011, granted summary judgment to Bank. Appellant filed a timely appeal, and this Court certified this case pursuant to Rule 204(b), SCACR.

## ISSUES

I. Whether the master correctly granted summary judgment in determining whether Bank was negligent in processing Appellant's loan application and verifying his ability to pay.

II. Whether the master correctly denied Appellant's motion seeking to extend the time for discovery and to continue Bank's motion for summary judgment

## STANDARD OF REVIEW

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) (citation omitted). "Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id.* To withstand a motion for summary judgment "in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence." *Hancock v. Mid–South Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009). In cases requiring a heightened burden of proof, the non-moving party must submit more than a mere scintilla of evidence. *Id.* at 330–31, 673 S.E.2d at 803.

## ANALYSIS

### I. Negligence

Appellant claims summary judgment was inappropriate because the bank was negligent in processing and discovering false information about Appellant's income contained in the loan application, which would have made Appellant ineligible for a loan. We disagree.

Negligence is the breach of a duty of care owed to the plaintiff by the defendant. *Bell v. Atl. Coast Line R.R. Co.,* 202 S.C. 160, 181, 24 S.E.2d 177, 186 (1943); *Crawford v. Atl. Coast Line R.R. Co.,* 179 S.C. 264, 270, 184 S.E. 569, 571 (1936). To state a cause of action for negligence, the plaintiff must allege facts which demonstrate: (1) a duty of care owed by the defendant; (2) a breach of that duty by a negligent act or omission; (3) a negligent act or omission resulted in damages to the plaintiff; and (4) that damages proximately resulted from the breach of duty. *Thomasko v. Poole,* 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002); *Kleckley v. Nw. Nat'l Cas. Co.,* 338 S.C. 131, 138, 526 S.E.2d 218, 221 (2000). In determining whether a particular act is negligent, the test depends on what a person of ordinary reason and prudence would do under those circumstances at that time and place. *Berberich v. Jack,* 392 S.C. 278, 287, 709 S.E.2d 607, 612 (2011).

As an initial matter, we must determine whether Bank owes Appellant a duty of care in the processing of a loan application. We find Bank does not owe Appellant a duty of care under these facts. In *Citizens & Southern National Bank of South Carolina v. Lanford,* 313 S.C. 540, 545, 443 S.E.2d 549, 551 (1994), this Court held the bank did not owe a duty to tell the guarantor of a loan that his liability was for the entire loan amount. We explained, "The law does not impose a duty on the bank to explain to an individual what [she] could learn from simply reading the document." Similarly in *Regions Bank v. Schmauch,* 354 S.C. 648, 668–70, 582 S.E.2d 432, 442–44 (Ct.App.2003), the court of appeals upheld the dismissal of a negligence claim against the bank because the appellant in that case had the opportunity to read the documents she signed, and in not doing so, failed to exercise reasonable diligence in protecting her own interests.

In the instant case, Appellant admitted that Gardocki, his attorney, sent him the file containing the relevant loan documents, and that he reviewed the files without raising objections. Appellant's admission was corroborated by Gardocki who testified:

> Mr. Stalliard was made aware of the form and content of the closing documents, including but not limited to the Note,

Mortgage and HUD–1 Closing Statement, and Alphonse Stalliard approved the same and authorized the closing.
. . . .

At no time since then has Alphonse Stalliard ever contacted me and raised any question, issue or complaint concerning the form or content of the closing documents ... or the mortgage loan through [Bank].

Indeed, Appellant only perceived problems with the transaction when he realized the "the property wouldn't sell." Furthermore, the master found that Appellant expressly ratified the loan he obtained on August 23, 2007, by executing and delivering the loan modification agreement on May 6, 2008.[1] Appellant had many opportunities to correct false information submitted to Bank by persons he authorized, and he failed to do so. We find under these factual circumstances, Bank does not owe Appellant a duty of care.[2] *Lanford,* 313 S.C. at 545, 443 S.E.2d at 551; *Regions Bank,* 354 S.C. at 668–70, 582 S.E.2d at 442–44.

 Thus, the master properly granted summary judgment on the issue of negligence.[3]

---

1. The loan modification contains the following express affirmation of the validity of the debt owing from Appellant to Bank:

 WHEREAS, Borrower is justly indebted unto lender as evidenced by a Promissory Note dated AUGUST 23, 2007, in the original principal sum of ONE MILLION SIX HUNDRED THOUSAND AND NO/100 Dollars ($1,600,000.00), which Note bears interest at the original rate of SIX AND SEVEN TENTHS percent (6.700%) per annum and which Note provides for payment in full on SEPTEMBER 1, 2031 . . . .

2. Even if we had held that Bank owed Appellant a duty of care, it would be questionable whether Appellant can prove causation under these circumstances. The Record demonstrates that Appellant had many opportunities to correct false information submitted on his behalf by persons authorized by him under a valid power of attorney, and he failed to do so. Consequently, Appellant, rather than Bank, appears to be the cause-in-fact and proximate cause of his own harm.

3. When discussing negligence, Appellant also accused Bank in a conclusory manner of having unclean hands and behaving unconscionably. We deem such conclusory and unsupported claims abandoned. *See In the Matter of the Care and Treatment of McCracken,* 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (holding an issue is deemed abandoned if the argument in the brief is not supported by authority or is only concluso-

## II. Denial of Motion to Enlarge

■ Appellant argues that the master should have granted Appellant's motion to enlarge the time for discovery and continue Bank's summary judgment motion. We disagree.

In this case, the deadline for discovery was February 15, 2011. On March 15, 2011, Bank filed and served its Motion for Summary Judgment. On May 2, 2011, more than two months after the discovery deadline had passed, Appellant moved to extend the time for discovery and to continue Bank's summary judgment motion.

The Record indicates that Appellant had ample time during discovery to uncover evidence and speak with any potential witnesses from Bank. If Appellant believed he did not have sufficient time, Appellant should have promptly filed a motion seeking additional discovery time. Instead, Appellant waited until after Bank filed a summary judgment motion and two months after the deadline for discovery expired to request an extension. In addition, Appellant did not provide affidavits to support allegations he made in requesting a discovery extension or submit an affidavit stating why he was unable to obtain such affidavits. *See* Rule 56(e), (f), SCRCP.[4]

---

ry). Furthermore, even if the issues are preserved, the Record does not support Appellant's allegations that the Bank had unclean hands or acted unconscionably.

4. Rule 56(e), SCRCP provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by *affidavits* or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(emphasis added). If the party opposing the motion for summary judgment cannot provide affidavits to justify his opposition, he must submit an affidavit providing reasons why such affidavit cannot be obtained. Rule 56(f), SCRCP. In opposing summary judgment and requesting an extension, Appellant presented allegations unsupported by an affidavit. Specifically, Appellant claims his counsel contacted an unidentified material witness, said to be previously unavailable. Based on a telephone interview with this material witness, Appellant's counsel learned of additional information and potential witnesses who worked for Bank, who might be useful in testifying about what Bank did to verify information contained on the loan application.

Thus, we hold that the master properly denied Appellant's motion.

## CONCLUSION

For the foregoing reasons, we affirm the master's grant of summary judgment.

**AFFIRMED.**

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.