**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Misty Lake Association, Inc., Appellant,

v.

Bridleridge Homeowners' Association, Inc., Respondent.

Appellate Case No. 2011-202086

───────────────

Appeal From Lexington County
James O. Spence, Master-in-Equity

───────────────

Unpublished Opinion No. 2013-UP-011
Heard December 13, 2012 – Filed January 9, 2013

───────────────

**AFFIRMED**

───────────────

D. Ryan McCabe and Stephanie Trotter, McCabe, Trotter
& Beverly, P.C., Brian C. Gambrell, Rogers Townsend &
Thomas, P.C., all of Columbia, for Appellant.

James R. Snell and Jennifer M. Clinkscales, Law Office
of James R. Snell, L.L.C., of Lexington, for Respondent.

───────────────

**PER CURIAM:** Misty Lake Association, Inc. seeks unpaid assessments allegedly owed to it by Bridleridge Homeowners' Association for use of a manmade lake. Misty Lake Association claims the trial court erred when it found (1) the Misty Lake restrictive covenants did not form an enforceable contract creating a servitude

on Bridleridge Homeowners' Association, (2) the Misty Lake restrictive covenants did not create a reciprocal negative easement, and (3) Misty Lake Association could not recover on the theory of quantum meruit. We affirm pursuant to Rule 220(b), SCACR.

1.      On appeal of an action at law tried without a jury, an appellate court will not disturb the trial court's findings of fact unless no evidence reasonably supports the findings. *Byrd v. Livingston*, 398 S.C. 237, 241, 727 S.E.2d 620, 622 (Ct. App. 2012). For a contract to arise, "[t]here must be an offer, there must be an acceptance, and there must be a meeting of the minds of the parties involved." *Rushing v. McKinney*, 370 S.C. 280, 290, 633 S.E.2d 917, 922 (Ct. App. 2006) (citation omitted). The trial court correctly found that Bridleridge Homeowners' Association lacked the capacity to make a unilateral acceptance because its own covenants required a two-thirds vote of the membership to accept Misty Lake Association's offer, which did not occur. Moreover, the record supports the trial court's finding that there was not a meeting of the minds between the parties because the documents that allegedly created the contract show a lack of understanding regarding the essential terms of the agreement.

2.      "The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury." *Pittman v. Lowther*, 363 S.C. 47, 50, 610 S.E.2d 479, 480 (2005). "Restrictive covenants on the use of property may be created in express terms or by implication. Where they arise by implication, the restrictions are said to create a reciprocal negative easement." *Bomar v. Echols*, 270 S.C. 676, 679, 244 S.E.2d 308, 310 (1978) (internal citations omitted). "For a reciprocal negative easement to arise by implication, the implication must be plain and unmistakable." *Shoney's, Inc. v. Cooke*, 291 S.C. 307, 313, 353 S.E.2d 300, 304 (Ct. App. 1987). Four elements must be established to show a reciprocal negative easement: (1) a common grantor, (2) a designation of the land or tract subject to restrictions, (3) a general plan or scheme of restriction in existence for the designated land or tract, and (4) restrictive covenants that run with the land. *Gambrell v. Schriver*, 312 S.C. 354, 358, 440 S.E.2d 393, 395 (Ct. App. 1994). The relevant timeframe for determining whether the Bridleridge tract was subject to restrictions is the date the property was conveyed to the developer of Bridleridge subdivision. *See id*. ("Generally, the developer must establish the general scheme of development *before* any lots are sold." (emphasis added)); *Edwards et. al. v. Surratt*, 228 S.C. 512, 518-19, 90 S.E.2d 906, 909 (1956) (emphasizing that an implied easement arises when a common grantor implements a general scheme of improvement *before* selling the lots of land). The evidence supports the conclusion of the trial

court that these elements were not met because (1) the deed that conveyed the Bridleridge tract contained no restrictions on lake maintenance, (2) the Bridleridge tract was conveyed before Misty Lake Association created its restrictive covenants, and (3) there was no general scheme or plan in place at the time of conveyance.

3.      In an action in equity, an appellate court reviews the evidence to determine the facts in accordance with its own view of the preponderance of the evidence. *Denman v. City of Columbia*, 387 S.C. 131, 140, 691 S.E.2d 465, 470 (2010). "The elements of a quantum meruit claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 616-17, 703 S.E.2d 221, 225 (2010). Misty Lake Association argues it conferred a benefit on Bridleridge Homeowners' Association when it allowed Bridleridge Homeowners' Association to construct a dock and use the lake for fishing, which in turn increased the value of the homes in the Bridleridge subdivision. However, the trial court found there was minimal testimony regarding the use of the dock, there was no credible valuation testimony as to the value of the use, and there was no testimony about how the dock use damaged the lake or dam. Furthermore, the court found there was a lack of "persuasive testimony" regarding how the lake increased the value of the property. In addition, we believe the annual assessment paid by Bridleridge Homeowners' Association for use of the lake is sufficient to satisfy any benefit conferred by Misty Lake Association. Therefore, the trial court did not err in finding Misty Lake Association was not entitled to recover on the theory of quantum meruit.

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**