**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Century Capital Group, LLC, Appellant,

v.

Midtown Development Group, LLC, Richland Joint Venture Group, LLC, Windsor Richland Mall, L.P., and BRC Richland, LLC, Respondents.

Appellate Case No. 2016-000461

―――――――――――――――

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

―――――――――――――――

Unpublished Opinion No. 2018-UP-249
Heard May 16, 2018 – Filed June 13, 2018

―――――――――――――――

**AFFIRMED**

―――――――――――――――

Jesse Ryan Oates, of McCabe, Trotter & Beverly, P.C., of Columbia, for Appellant.

William Pearce Davis, D. Cravens Ravenel, and Jonathan Blake Asbill, all of Baker Ravenel & Bender, LLP, of Columbia, for Respondent Richland Joint Venture Group, LLC; Robert Trippett Boineau, III, and Heath McAlvin Stewart, III, both of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent Midtown

Development Group, LLC; and Ruth Ann Levy, of
Columbia, for Respondent Windsor Richland Mall, L.P.

———————

**PER CURIAM:** After purchasing a parcel of property within the Richland Fashion Mall, Century Capital Group, LLC (Century Capital) was sued by its neighboring parcel owner, Spirit SPE Columbia, LLC (Spirit), for fifteen causes of action relating to a dispute regarding Century Capital's responsibility for the repair and maintenance of the mall's parking deck. Spirit's complaint included allegations sounding in contract, negligence, intentional tort, and equity. Eventually, Century Capital and Spirit entered into a settlement agreement (Settlement Agreement), wherein Century Capital agreed to pay Spirit, among other non-monetary consideration, $1.45 million to end the lawsuit.

Century Capital then initiated the present action against its predecessors in interest—Midtown Development Group, LLC, Richland Joint Venture Group, LLC, and Windsor Richland Mall, L.P. (collectively Respondents)—alleging that, pursuant to South Carolina's Contribution among Tortfeasors Act (Tortfeasors Act),[1] Respondents each owed Century Capital an equitable, pro rata share of the $1.45 million. Respondents separately filed motions for summary judgment, and, after a hearing, the circuit court granted the motions on several grounds. Century Capital now appeals. We affirm.

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *D.R. Horton, Inc. v. Builders FirstSource-Se. Grp., LLC*, 422 S.C. 144, 150, 810 S.E.2d 41, 44-45 (Ct. App. 2018) (quoting *Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 250, 734 S.E.2d 161, 163 (2012)). "Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id.* at 150, 810 S.E.2d at 45 (quoting *Savannah Bank*, 400 S.C. at 250, 734 S.E.2d at 163). "To withstand a motion for summary judgment 'in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence.'" *Savannah Bank*, 400 S.C. at 250, 734 S.E.2d at 163 (quoting *Hancock v. Mid-South Mgmt. Co.*, 361 S.C. 326, 330, 673 S.E.2d 801, 803 (2009)).

Under the Tortfeasors Act, when a defendant is seeking contribution from another entity for a payment made as the result of a settlement agreement, the defendant must

———————

[1] S.C. Code Ann. §§ 15-38-10 to -70 (2005 and Supp. 2017).

prove: (1) the payment was made to extinguish liability for a non-intentional tort; (2) the entity from whom the defendant is seeking contribution is jointly or severally liable in tort for the same injury; (3) the payment made expressly extinguished the other entity's tort liability for the same injury; (4) the payment made was in excess of the defendant's pro rata share of this common liability; and (5) the pro rata share owed by the other entity is not in excess of what is reasonable. *See* S.C. Code Ann. §§ 15-38-20, -30, -40 (2005 and Supp. 2017).

In this case, there is no dispute that, according to the Settlement Agreement, the $1.45 million payment made by Century Capital to Spirit released and extinguished Century Capital's "liability related to the maintenance and repair of the Spirit parcel." While these words do not describe the particular injury the liability addressed, Century Capital asserts the "liability" described in this portion of the Settlement Agreement is for conduct causing one single, indivisible injury to Spirit: a leaky roof.[2] Viewing Spirit's complaint in the light most favorable to Century Capital's assertion, we believe "maintenance and repair of the Spirit parcel" could refer to maintenance and repair of the leaky roof.

However, in reviewing Spirit's amended complaint, we find five of the fifteen causes of action alleged injury related to the intrusion of water due to the improperly maintained parking deck/roof. These were: breach of contract, breach of warranty, negligence, nuisance, and trespass. Of these causes of action, only negligence and nuisance are non-intentional torts. *See Snow v. City of Columbia*, 305 S.C. 544, 553, 409 S.E.2d 797, 802 (Ct. App. 1991) (finding that to "constitute an actionable trespass . . . there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion").

Because at least three of the theories under which Century Capital may have been liable for damages caused by Spirit's leaky roof are not eligible for contribution (breach of contract, breach of warranty, and trespass), we believe summary judgment is appropriate on Century Capital's contribution claim. Century Capital has failed to present a mere scintilla of evidence indicating the $1.45 million payment was made

---

[2] According to evidence presented by Century Capital at summary judgment, the roof over Spirit's parcel "was, in actuality, [the mall's] parking deck," and wear from cars driving on the parking deck was causing the original waterproofing material of the deck (which had been improperly installed) to buckle, and the surface of the parking deck to crack. These cracks then "allow[ed] copious amounts of water to penetrate" through the deck and into Spirit's parcel.

to extinguish liability for Century Capital's non-intentional tortious behavior only. *See* S.C. Code Ann. § 15-38-20(A) (2005) ("Except as otherwise provided in this chapter, where two or more persons become jointly or severally liable *in tort* for the same injury to person or property . . . .") (emphasis added); S.C. Code Ann. § 15-38-20(C) (2005) ("There is no right of contribution in favor of any tortfeasor who has intentionally caused or contributed to the injury . . . ."); *D.R. Horton, Inc.*, 422 S.C. at 153–54, 810 S.E.2d at 46 (finding that, when arbitration award did not distinguish type of liability sustained by the plaintiff, summary judgment was appropriate on contractor's contribution action against subcontractor for a pro rata share of award because contractor—who was sued under theories of negligence, breach of contract, and multiple breaches of warranty—did not satisfy its summary judgment burden of proving it sustained tort liability); *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 69–71, 518 S.E.2d 301, 310–11 (Ct. App. 1999) (finding that, when defective-wood-chipper vendor's settlement agreement with husband did not allocate any payment to extinguish wife's loss of consortium claim, summary judgment was appropriate on vendor's contribution action against manufacturer for wife's claim because vendor did not satisfy its summary judgment burden of proving it paid more than its share of the pro rata common liability for wife's claim).

We therefore affirm the circuit court's orders granting summary judgment to Respondents.[3]

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[3] We decline to address Century Capital's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate court need not address remaining issues when disposition of prior issue is dispositive of appeal).