**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stonington Community Association, Inc., Respondent,

v.

Carl D. Taylor, Jonathan Stevens, Veronica Stevens, Lena M. Bretous, Vickie M. Wise, Gerald Maynard, Lisa Maynard, Reginald Dalton, Donna Dalton, Thomas Lafayette Brown a/k/a Thomas L. Brown, Sharline Brown, Derrick L. Taylor, Gaye S. Taylor, Syrecea Parker, Carolyn L. Austin, Richea G. House, Sr., Gayle D. House, Larkin Hancock, Jr., Katrina Hancock, Jeffery M. Farmer, Kelly S. Farmer, Anthony T. Reddish, Diann Reddish, Joel H. Daley, Syreta L. Daley, Judy Dove, Henry Faison, Dorothy Brisbon, George L. Lawrence, Annette M. Lawrence, Devinci L. Fulton, and John A Francis, Defendants,

Of whom Lena M. Bretous, Vickie M. Wise, Gerald Maynard, Lisa Maynard, Derrick L. Taylor, Gaye S. Taylor, Syrecea Parker, Richea G. House, Sr., Gayle D. House, Devinci L. Fulton, and John A. Francis are the Appellants.

Appellate Case No. 2021-000641

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-087
Heard December 4, 2023 – Filed March 20, 2024

_____

**AFFIRMED**

_____

Jonathan D. Waller, of Angell Molony, LLC, of Aiken,
for Appellants.

Brent Morris Boyd and Timothy J. Newton, both of
Murphy & Grantland, PA; and Donald Ryan McCabe, Jr.
and Valerie Garcia Giovanoli, both of McCabe, Trotter &
Beverly, P.C.; all of Columbia, for Respondent.

_____

**PER CURIAM:**  The owners of certain lots within Phase Two of the Stonington
Subdivision (Appellants) appeal the circuit court's order granting partial summary
judgment to Stonington Community Association, Inc. (Stonington).  On appeal,
Appellants argue the circuit court erred in finding (1) restrictive covenants
(Covenants) applied to their lots on the theory of reciprocal negative easements;
(2) Appellants are judicially estopped from denying the applicability of the
Covenants to their lots; (3) the Amended Declaration applied to Appellants' lots;
(4) Appellants were responsible for paying Stonington's mandatory assessments;
and (5) Appellants' counterclaim for abuse of process failed because Stonington's
filing of lis pendens against their lots was a standard procedure and not meant to
punish or harass Appellants.  We affirm.

We disagree with Appellants' argument that the circuit court erred in finding the
Covenants were applicable to Appellants' lots in Stonington by the theory of
reciprocal negative easements.  S*ee Hurst v. E. Coast Hockey League, Inc.*, 371
S.C. 33, 36, 637 S.E.2d 560, 561 (2006) ("When reviewing the grant of a summary
judgment motion, the appellate court applies the same standard which governs the
trial court under Rule 56(c), SCRCP: summary judgment is proper when there is
no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456,
463–64, 892 S.E.2d 297, 301 (2023) ("[I]t is not sufficient for a party to create an
inference that is not reasonable or an issue of fact that is not genuine." (quoting
*Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013)));
*Bomar v. Echols*, 270 S.C. 676, 679, 244 S.E.2d 308, 310 (1978) (stating that when
restrictive covenants "arise by implication, the restrictions are said to create a
reciprocal negative easement"); *id.* ("[I]t is well settled in this state that where the

owner of a tract of land subdivides it and sells the distinct parcels thereto to separate grantees, imposing restrictions on its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee . . . ." (omission in original) (quoting *McDonald v. Welborn*, 220 S.C. 10, 18, 66 S.E.2d 327, 331 (1951))); *Shoney's, Inc. v. Cooke*, 291 S.C. 307, 313, 353 S.E.2d 300, 304 (Ct. App. 1987) (stating that in order to establish a reciprocal negative easement by implication "[t]here must be: (1) a common grantor; (2) a designation of the land or tract subject to restrictions; (3) a general plan or scheme of restriction in existence for the designated land or tract; and (4) restrictive covenants that run with the land"); *Bomar*, 270 S.C. at 680, 244 S.E.2d at 310 ("If the above elements are satisfied, the restrictions are enforceable against the grantor and subsequent grantees of lots in the restricted area who take with actual or constructive notice of the restrictions."); *Shipyard Prop. Owners' Ass'n v. Mangiaracina*, 307 S.C. 299, 309, 414 S.E.2d 795, 802 (Ct. App. 1992) ("In order for reciprocal negative easements to be created by implication, the implication must be plain and unmistakable.").  Appellants concede the Stonington Subdivision Property and Appellants' lots derived from a common grantor and that at the time of creation of the subdivision, Stonington's developer, Stonington Development, LLC, (Developer) acted with a general plan or scheme of restriction.  We agree with the circuit court that the remaining elements were "indisputably satisfied" and Appellants failed to establish a genuine issue of material fact to show otherwise.

First, the record shows "a designation of the land or tract subject to restrictions." The Stonington Declaration of Covenants, Conditions, Restrictions and Easements (Amended) (Original Declaration) and Amended and Restated Declaration of Covenants, Conditions, Restrictions, Easements, Charges and Liens for Stonington (Amended Declaration) provided the Covenants applied to the Stonington Subdivision and both contemplated Developer adding more property to the Stonington Subdivision beyond Phase I.  In addition, the Phase I Plat showed the areas for future development.  Furthermore, Developer's application to the Richland County Planning Commission provided the planned Stonington Subdivision consisted of 165 acres and was to be developed in three phases. Developer filed an overall site plan for the Stonington Subdivision showing the three phases.  Considering the recorded documents and the surrounding circumstances, we hold Developer designated the entire Stonington Subdivision, as approved by the Richland County Planning Commission, as the land or tract subject to the Covenants.  *See Bomar*, 270 S.C. at 680, 244 S.E.2d at 310 ("In determining whether reciprocal negative easements have been created, resort should be had not only to the language of the deeds, but 'the circumstances

surrounding the origin of covenants should also be considered.'" (quoting *Nance v. Waldrop*, 258 S.C. 69, 72, 187 S.E.2d 226, 228 (1972), *overruled on other grounds by Taylor v. Lindsey*, 332 S.C. 1, 498 S.E.2d 862 (1998))); *Saro Invs. v. Ocean Holiday P'ship*, 314 S.C. 116, 123, 441 S.E.2d 835, 839 (Ct. App. 1994) ("An implied covenant is based on the surrounding circumstances, the documents as a whole and the terms expressed in the written instruments.").

Appellants contend that while the larger parcel of the subdivision may have been subject to the Original Declaration, the Amended Declaration "refined" this area so that the Amended Declaration applied only to Phase I. We disagree. Developer filed the Amended Declaration only a little over a year after it filed the Phase II Plat. Appellants did not present any evidence demonstrating a change in Developer's position during that short time. *See Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* (requiring the nonmoving party to "come forward with specific facts showing there is a genuine issue for trial"); *Shoney's, Inc.*, 291 S.C. at 314, 353 S.E.2d at 305 (stating the "omission of restrictions in some of the conveyances of lots in a subdivision being developed under a general scheme of restrictions may constitute an abandonment or waiver of the restrictions when considered in connection with other circumstances").

Appellants next assert Developer's actions and failures to act raised questions of material fact regarding the designation of the land subject to restrictions. We hold Appellants presented no evidence establishing Developer's actions were inconsistent with its intent that the Covenants were applicable to all of Stonington Subdivision. *See Bomar*, 270 S.C. at 680, 244 S.E.2d at 310 (stating that if the element are satisfied, "the restrictions are enforceable against the grantor and subsequent grantees of lots in the restricted area who take with actual or constructive notice of the restrictions"); *Kitchen Planners, LLC*, 440 S.C. at 463, 892 S.E.2d at 301 (stating that in order to survive a motion for summary judgment "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine" (quoting *Town of Hollywood*, 403 S.C. at 477, 744 S.E.2d at 166)).

Next, while Appellants assert that the deposition of Developer's principal, Stephen Lipscomb, was needed to show Developer's intent, they did not proffer any additional testimony that Lipscomb would provide, and they did not explain why they did not seek additional time to schedule deposition. Accordingly, we hold this

argument lacks merit.  *See Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."); *Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 253, 734 S.E.2d 161, 165 (2012) (finding the appellant "had ample time during discovery to uncover evidence and speak with any potential witnesses" and if the appellant "believed he did not have sufficient time, [he] should have promptly filed a motion seeking additional discovery time").

With respect to the fourth element, we agree with the circuit court that the Covenants "indisputably run with the land" as both the Original and Amended Declarations provided that the Covenants ran with the land and were binding on all owners, present and future.  *See Harbison Cmty. Ass'n v. Mueller*, 319 S.C. 99, 102, 459 S.E.2d 860, 862 (Ct. App. 1995) (stating that in order for a covenant to run with the land, there must be "an indication that the parties intended for the covenant to run with the land"); *RV Resort & Yacht Club Owners Ass'n v. BillyBob's Marina, Inc.*, 386 S.C. 313, 321, 688 S.E.2d 555, 559 (2010) ("[T]he paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document." (alteration in original) (quoting *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 863-64 (1998))); *Taylor*, 332 S.C. at 4, 498 S.E.2d at 863 ("Words of a restrictive covenant will be given the common, ordinary meaning attributed to them at the time of their execution."). Appellants offer no additional documents specifically establishing their assertion that Appellants' lots are to be distinguished.

We disagree with Appellants' argument that the Amended Declaration's definition of the term "Master Plan" created ambiguity and questions as to the restrictive Covenants and their applicability.  Construing the Declarations as a whole, we hold Developer solely intended for this section to protect it from the obligation (i.e., covenant) to complete the development of Stonington Subdivision if it was unable or unwilling to do so.  *See RV Resort*, 386 S.C. at 321, 688 S.E.2d at 559 ("[T]he paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document." (alteration in original) (quoting *Taylor*, 332 S.C. at 4, 498 S.E.2d at 863-64)); *Taylor*, 332 S.C. at 4, 498 S.E.2d at 863 ("Words of a restrictive covenant will be given the common, ordinary meaning attributed to them at the time of their execution.").  Accordingly, and because the four elements for a reciprocal negative easement by implication were satisfied, we

hold this section did not negate the creation of the restrictions at issue here. *See Bomar*, 270 S.C. at 680, 244 S.E.2d at 310 ("If the above elements are satisfied, the restrictions are enforceable against the grantor and subsequent grantees of lots in the restricted area who take with actual or constructive notice of the restrictions.").

Appellants argue that settlements with other defendants create a genuine issue of material fact concerning the application of the Covenants to Appellants' lots. We find these settlements do not evidence an intent for Stonington to abandon its position concerning the applicability of the Covenants to Appellants' lots. For example, although a settlement with original defendants Henry Faison and Dorothy Brisbon relieved them personally from the Covenants' applicability, Stonington ensured the lot would again be bound by the Covenants upon their transference of the property. Therefore, we hold the settlement agreements were not sufficient to defeat Stonington's motion for summary judgment. *See Schmidt*, 357 S.C. at 317, 592 S.E.2d at 330 ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* (requiring the nonmoving party to "come forward with specific facts showing there is a genuine issue for trial"); *Kitchen Planners, LLC*, 440 S.C. at 463, 892 S.E.2d at 301 (stating that in order to survive a motion for summary judgment "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine" (quoting *Town of Hollywood*, 403 S.C. at 477, 744 S.E.2d at 166)).

We find no merit to Appellants' assertion that any Covenants made in the Original Declaration are inapplicable if not contained in the Amended and Restated Declaration. As stated above, all four elements for an implied reciprocal easement were met. *See Bomar*, 270 S.C. at 680, 244 S.E.2d at 310 ("If the above elements are satisfied, the restrictions are enforceable against the grantor and subsequent grantees of lots in the restricted area who take with actual or constructive notice of the restrictions."). Amending and restating the Original Declaration did not affect what property was governed by the Declaration but merely changed the terms of the Covenants applicable to the property already bound.

Appellants argue the circuit court erred in finding that mandatory assessments can be applicable based on the theory of reciprocal negative easements. They assert that this issue is novel and not appropriate for summary judgment. They further contend the circuit court's order is mostly silent on this issue and Stonington waived the issue for appeal by failing to properly address the omission. First, "[t]he mere fact that a case involves a novel issue does not render summary

judgment inappropriate." *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005). Next, as the "winner," Stonington was not required to ask the circuit court to make an express ruling to preserve an issue for appellate review. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("It would be inefficient and pointless to require a respondent to return to the judge and ask for a ruling on other arguments to preserve them for appellate review."). Finally, Appellants do not argue this issue's merits; therefore, the issue is abandoned. *See Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 620, 602 S.E.2d 747, 750 (2004) (stating the "failure to provide arguments or supporting authority for an issue renders it abandoned"); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting the order on appeal "comes to the appellate court with a presumption of correctness and the burden is on the appellant to demonstrate reversible error").

Appellants argue the circuit court erred in dismissing their counterclaim for abuse of process. We disagree. *See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 71, 567 S.E.2d 251, 253 (Ct. App. 2002) ("A plaintiff alleging abuse of process in South Carolina must assert two essential elements: 1) an 'ulterior purpose,' and 2) a 'willful act in the use of the process not proper in the conduct of the proceeding.'" (quoting *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997)); *id.* at 74, 567 S.E.2d at 255 ("An allegation of an ulterior purpose or 'bad motive,' standing alone, is insufficient to assert a claim for abuse of process."); *First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 74-75, 451 S.E.2d 907, 914 (Ct. App. 1994) ("An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process. However, there is no liability when the process has been carried to its authorized conclusion, even though with bad intentions."). Stonington filed the lis pendens with its complaint, which sought a declaratory judgment as to whether Appellants' lots were subject to the Covenants and the collection of unpaid assessments. Thus, the filing of the lis pendens was appropriate in this case. *See Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 17-18, 567 S.E.2d 881, 889 (Ct. App. 2002) (stating a lis pendens is appropriate in actions to establish the existence of an easement); *Gecy v. Somerset Point at Lady's Island Homeowners Ass'n*, 426 S.C. 540, 549, 828 S.E.2d 73, 78 (Ct. App. 2019) ("In South Carolina, lis pendens is a statutory doctrine designed to inform prospective purchasers or encumbrancers that a particular piece of property is subject to litigation."); *id.* ("A properly filed [notice of] lis pendens binds subsequent purchasers or encumbrancers to all proceedings evolving from the litigation." (alteration in original) (quoting *Pond Place*, 351 at 16, 567 S.E.2d at 889)). Appellants made bald assertions that Stonington had a bad purpose for bringing this action, but they failed to present any evidence or

authority to support these assertions; therefore, their argument is abandoned. *See Med. Univ. of S.C.*, 360 S.C. at 620, 602 S.E.2d at 750 (stating the "failure to provide arguments or supporting authority for an issue renders it abandoned"); *McCall*, 380 S.C. at 659-60, 670 S.E.2d at 701 (noting the order on appeal "comes to the appellate court with a presumption of correctness and the burden is on the appellant to demonstrate reversible error").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decline to address Appellants' remaining argument concerning judicial estoppel. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an "appellate court need not address remaining issues when the disposition of a prior issue is dispositive").